Joseph A. Gavagan, J.
This is an article 78 proceeding brought against the State Liquor Authority to require it to remove the name of the petitioner, a retail licensee, from the delinquent list published by the respondent. The petition alleges in part that the petitioner was placed on the list prior to September, 1958 pursuant to section 101-a of the Alcoholic Beverage Control Law because it was in arrears in payment to wholesalers; that petitioner can purchase liquor for cash only and is required at the time of each renewal of its license to show cause why the license should be renewed; that all of the unsecured debts and liabilities of the petitioner have been discharged under an arrangement in a chapter XI bankruptcy proceeding in the District Court; and that the respondent’s denial of the relief requested is arbitrary and capricious.
The Liquor Authority moves to dismiss the petition for insufficiency on the ground that the challenged action is not subject to judicial review under section 121 of the Alcoholic Beverage Control Law and on the further ground that the order of the Bankruptcy Court cannot invalidate the provisions of the statutes of this 'State since by the Twenty-First Amendment regulation of traffic in liquor is reserved to the several States.
Judicial review of the actions' of the Liquor Authority is confined to those actions specified in section 121. Within the meaning of that statute, the respondent’s refusal to remove the petitioner from the delinquent list is not an action open to review by this court (Matter of Millman v. O’Connell, 300 N. Y. 539). The petition is accordingly dismissed without reaching the constitutional question raised by the respondent.